NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name:  09a0570n.06

No. 08-6058

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
**Aug 17, 2009**
LEONARD GREEN, Clerk

MIDWEST MEDIA PROPERTY, LLC; et                )
al.,                                           )
                                               )
    Plaintiffs - Appellants,                   )
                                               )    ON APPEAL FROM THE UNITED
v.                                             )    STATES DISTRICT COURT FOR THE
                                               )    EASTERN DISTRICT OF TENNESSEE
CITY OF ERLANGER, KENTUCKY, and                )
CITY OF FORT WRIGHT, KENTUCKY,                 )
                                               )
    Defendants - Appellees.                    )


Before: GILMAN, COOK and FARRIS,[*] Circuit Judges.

FARRIS, Circuit Judge.

Plaintiff Midwest Media Property is a company that erects and operates advertising signs.  The two defendant cities denied Midwest's sign applications in 2005 on the grounds that the proposed signs violated city ordinances prohibiting signs that promoted businesses not located on the premises where the sign was located.  Midwest challenged the off-premises restrictions, which the cities have

---

[*] The Honorable Jerome Farris, United States Circuit Judge for the Ninth Circuit, sitting by designation

since repealed.  The district court nevertheless granted summary judgment to the cities on the ground that the proposed signs also violated the cities' size-and-height ordinances and thus could have been denied on that basis.  For that reason, the court concluded that Midwest had suffered no redressable injury.  Midwest has appealed.  We have jurisdiction pursuant to 28 U.S.C. § 1291.  We affirm.

"Time, place, and manner" speech regulations survive First Amendment scrutiny if 1) they are content-neutral, 2) they are narrowly tailored 3) to serve a significant government interest, and 4) "they leave open ample alternative channels for communication of the information."  *Prime Media, Inc. v. City of Brentwood*, 398 F.3d 814, 818 (6th Cir. 2005).  Restrictions on the size and height of signs, such as those established by the defendant cities, satisfy this test.  *Id.* at 819–24.

That the cities' sign ordinances lack applicable statements of purpose does not establish grounds for reversal.  Size and height restrictions advance a significant government interest in city aesthetics and traffic safety.  *Id.* at 820–21.  The cities need not prove that this interest actually motivated their regulations' enactment.  *See Jobe v. City of Catlettsburg*, 409 F.3d 261, 268 (6th Cir. 2005) (upholding a content-neutral speech regulation that included no statement of purpose and whose original, motivating purpose the city's mayor did not know).

The plaintiffs have not suggested that some impermissible purpose underlies the cities' size and height restrictions. Where there is "no claim . . . that [the city] has as an ulterior motive the suppression of speech, and the judgment involved here is not so unusual as to raise suspicions in itself[,]" we will not suspect "an impermissible purpose." *Metromedia, Inc. v. City of S.D.*, 453 U.S. 490, 510 (1981).

**AFFIRMED.**